Ollie D. McKNIGHT *v.* Charles L. DANIELS,
Director of Labor and U.S. POSTAL SERVICE

CA 80-4                                    598 S.W. 2d 436

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a decision of the Arkansas Board of Review affirming the appeals referee in denying unemployment benefits on the finding the appellant voluntarily quit his last work for reasons other than good cause connected with the work.

The claimant is fifty-five years of age and has more than thirty-one years of service with the United States Postal Service. He is eligible for optional retirement. An increasingly troublesome back problem caused him to quit his job as a rural mail carrier on August 31, 1979. He obtained forms for disability retirement application in July, and told his supervisor he was having so much trouble doing his work he might as well make up his mind he could no longer work at his job. He did not request a leave of absence or transfer to a different job.

The appeals referee, after heaving evidence, concluded the claimant voluntarily quit his last work on August 31, 1979, when he told his employer he was quitting, submitted his application for disability retirement, and made no efforts to preserve his job rights. The decision was affirmed by the Board of Review.

The Employment Security Law does not provide for unemployment benefits for unemployment caused by disability. On the contra, the program is intended to provide benefits for workers who involuntarily become unemployed, are physically and mentally able to work and are available for work. It is

1058

clear from the evidence the claimant is not eligible under the law. He voluntarily left his work as a rural mail carrier, not for any good reason inherent in the work, but because he had a chronic back ailment that prevented him from continuing his work. The claimant frankly stated at the hearing the employer did not force him to quit, but his physical condition forced him to quit. The evidence discloses no efforts by the claimant to transfer to different work in the Postal Service or for a leave of absence. Thus, the claimant is disqualified for benefits under Section 5 (a) of the Arkansas Employment Security Law which provides a claimant is disqualified if he voluntarily and without good cause connected with the work, left his last work.

Affirmed.