Hettie A. JACKSON *v.* Charles L. DANIELS,
Director of Labor, and LADONNA
SPORTSWEAR

E 80-15                       600 S.W. 2d 427

Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellee.

DAVID NEWBERN, Judge. The appellant was denied un-
employment compensation benefits because it was deter-

mined that she had left her work without good cause connected with the work. Ark. Stat. Ann. § 81-1106(a) (Supp. 1979). The question is whether there was substantial evidence to support the determination of the board of review that she was disqualified in accordance with the statute.

The record shows that the appellant left her work as a sewing machine operator because of dissatisfaction resulting from her feeling that too many items were being returned to her for repair of seams she had sewn. The appellant was paid based upon the average number of seams she sewed per hour. Her contention that she was being abused was two-fold: (1) she said she felt that other operators' mistakes were being presented to her for repair, or (2) that she should not have had to repair seams she had sewn which had previously been approved by her supervisor. She also said that she should have been allowed to resew previously approved seams without having to count those in her hourly average which determined her pay. Her contention was that she had previously been allowed to do such work without having it counted in her average.

The president of the appellee company appeared at the hearing and testified that new procedures were being implemented in the company's production system at the time this incident occurred. His testimony indicated the new procedures were causing some problems, and his main point seemed to be that the appellant left her job without speaking to him or following any established grievance procedure. He disputed the appellant's testimony to the extent of saying that the repairs she was asked to do were on garments she had previously sewn. He did not, however, dispute the appellant's contention that the seams had previously been approved by her supervisor, and he substantiated the appellant's statement with respect to not counting the redoing of approved work against the piece average, at least to the extent of saying that, when an employee's work must be redone because of another employee's error, the redoing of that work will not be counted for wage purposes.

The board of review made the following determination:

The Board of Review finds that the claimant's reasons for quitting her last job consisted of dissatisfaction with the established conditions of employment and existing agreement of hire which is not shown to have rendered her job untenable or otherwise afforded her good cause for quitting within the meaning of Section 5 (a) of the Arkansas Employment Security Law.

We cannot say there is substantial evidence in the record before us to support the board's determination. Although we might be tempted to agree with the board's language which seems to impose a requirement that it be "untenable" for an employee to remain on the job before we can say she left with good cause connected with the work, we cannot find that language in the statute, nor do we have any reason to suspect that was the legislative intent. It is not only in cases where the continuation of work becomes physically impossible that this statute applies. We have no doubt that the reason this employee left her job was "connected with her work." The question then becomes whether she had "good cause." She has met her burden of showing good cause. For us to sustain the board's determination, we would have to find substantial evidence that there was no good cause. We find no such substantial evidence.

Although we would not approve benefits for an employee who left her work for general economic reasons not connected with some specific alleged unfairness perpetrated by her employer, an act by the employer which does economic injury to the employee may be "good cause connected with the work." *The Ladish Co.* v. *Breashears. et al.* 248 Ark. 263, 563 S.W. 2d 419 (1978). Unlike the provisions in paragraph two of the above cited section of the statute, which requires an employee to preserve her job rights if she left because of personal emergency, there is no such requirement when the voluntary departure is for other "good cause connected with the work." Thus, we attach no significance to the testimony of the employer showing the abruptness of this claimant's departure.

Reversed and remanded and with orders to the board of review to honor the appellant's claim.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. I disagree with the majority. They find there was not substantial evidence to support the Board of Review determination the appellant was disqualified in accordance with Ark. Stat. Ann. § 81-1106(a).

The appellant may well have had legitimate cause for dissatisfaction with her job conditions. However, by her own admissions, she made no effort to discuss her dissatisfaction with higher supervisory or management personnel nor did she attempt to invoke the available grievance procedures established by the union for the processing of such employee compaints with higher management.

Before invoking the relief provided by the State of Arkansas, the appellant should have exhausted the initial remedies available to her. Unemployment benefits are designed to keep workers afloat when other financial avenues are closed to them. However, these avenues must have been travelled before unemployment benefits are available.

I respectfully dissent.