## Wendall WILSON *v.* DIRECTOR OF LABOR

E 82-46                                                    635 S.W.2d 5

Court of Appeals of Arkansas
Opinion delivered June 23, 1982

Appellant, *pro se.*

*Alinda Andrews,* for appellee.

MELVIN MAYFIELD, Chief Judge. This case presents a question which results from a 1981 amendment to the Arkansas Employment Security Law.

Under Section 5 (a) of the Act, Ark. Stat. Ann. § 81-1106 (a) (Supp. 1981), an individual is disqualified for unemployment benefits if he left his work voluntarily and without good cause connected with the work. This section, however, makes three exceptions to the rule: (1) an individual is not disqualified if, after making reasonable efforts to preserve his job rights, he left work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification; (2) if after making reasonable efforts to preserve his job rights, he left his work because of illness, injury, pregnancy or other disability; and (3) he left his work to accompany, follow, or join the other spouse in a new place of residence and, upon arrival, made an immediate entry into the new labor market.

Section 5 of Act 43 of 1981 amended Section 3 of the Employment Security Law, Ark. Stat. Ann. § 81-1104 (h) (Supp. 1981), by adding subsection (h), which reads, in part, as follows:

(h) Notwithstanding any other inconsistent provisions of this law, for benefit years beginning during the period commencing July 1, 1981 and ending December 31, 1983, any individual who has voluntarily left any employment with a base period employer without good cause connected with the work and who has been determined monetarily eligible for benefits under other provisions of this law shall have his base period wages paid by any such employer reduced by

twenty-five percent (25%), and such individual's weekly benefit amount, maximum benefit amount, and potential duration shall be redetermined accordingly. In no event, however, shall such individual's maximum benefit amount be reduced to an amount less than his weekly benefit amount.

In the instant case, the appellant was allowed benefits but they were reduced by 25% in accordance with Section 3 (h) and he appeals from that reduction.

Appellant worked for the Carroll County Newspaper in Berryville. In July of 1981 he consulted a doctor for what was diagnosed as "severe episodic hives." His condition was resistant to normal forms of treatment and he was eventually referred to an allergy specialist. In September the specialist wrote a letter asking that appellant be excused from work for one week to allow his allergic condition to improve. He was given the week off and his condition improved, but when he went back to work, the allergies and hives broke out again.

In October the specialist recommended that appellant seek employment in another company "where he will be exposed to less stress in an attempt to control his multiple allergies." The doctor also said appellant was exposed to certain chemicals in "his present employment which also dictates some change to control upper respiratory and skin allergies." Appellant quit his employment with the newspaper on October 10 and says since about the 20th or 25th of October his allergies have been relieved.

The referee and the board of review found that appellant did not quit work with good cause connected with his work. Prior to the 1981 amendment the phrase "good cause connected with the work" was of much less significance than it is now. Benefits were allowed if, after making reasonable efforts to preserve his job rights, one left his work for any of the reasons set out in the exceptions to Section 5 (a). Many of our appellate cases turned on factors other than good cause "connected with the work" and only a few cases directly considered that term.

*Jackson* v. *Daniels,* 269 Ark. 714, 600 S.W.2d 427 (Ark. App. 1980) is a case which consciously applied the phrase to the facts involved. The claimant was a sewing machine operator who quit her job because she thought too many items were being returned to her for repair of seams she had sewn. Her pay was based on the number of seams she sewed per hour; she said other operator's mistakes were being presented to her; and she was also having to resew seams previously approved by her supervisor. In finding the evidence established the claimant quit with good cause connected with the work, the court said:

> Although we would not approve benefits for an employee who left her work for general economic reasons not connected with some specific alleged unfairness perpetrated by her employer, an act by the employer which does economic injury to the employee may be "good cause connected with the work."

In *McKnight* v. *Daniels,* 268 Ark. 1056, 598 S.W.2d 436 (Ark. App. 1980), the claimant quit his work because of a "troublesome back problem." The court affirmed the board's finding that he did not have good cause connected with the work and said he quit "not for any good reason inherent in the work, but because he had a chronic back ailment that prevented him from continuing his work."

And in *Teel* v. *Daniels,* 270 Ark. 766, 606 S.W.2d 151 (Ark. App. 1980), the claimant quit work primarily because the employer failed to provide drinking water and toilet facilities and, on the morning claimant quit, directed him to perform work without handrails on an "iced over" roof. The board had found that the claimant quit without good cause connected with the work and, in holding that decision not supported by substantial evidence, it is clear that the court was addressing the board's finding.

It is doubtful that other Arkansas cases contribute any more to the solution of our problem than these we have discussed. Nor have we found much help from cases of other jurisdictions. We think, however, that these cases furnish

some guidance as to what constitutes good cause "connected with the work."

In *Jackson* it seems to have something to do with "actions" and "fault" on the part of the employer. In *Teel* the conditions were either caused or could have been prevented by the employer. But in *McKnight* the employer had nothing to do with causing the claimant's problem.

Here, the appellant has multiple allergies, and the stress of the job and the chemicals in the newspaper's plant activated those allergies. This, however, is not the employer's fault and there is absolutely no evidence in the record that there is anything unusual, out of the ordinary, or wrong with the employer's plant or operation. On the other hand, there is a letter in the record from appellant's doctor which says his PRIST score on August 25, 1981, was 798 and that the normal PRIST score is 0 to 20. As the doctor says, "so you can see that Mr. Wilson is extremely allergic."

The board's decision that appellant did not quit his job for good cause connected with the work is supported by substantial evidence. He is entitled to benefits but, as the board held, those benefits must be reduced 25% because, under the facts of this case, Section 5 of Act 43 of 1981 requires it.

Affirmed.

COOPER and GLAZE, JJ., concur.

JAMES R. COOPER, Judge, concurring. I agree with the result reached by the majority in this case, for the reason that I believe that the Board's findings are supported by substantial evidence. The record indicates that appellant was highly allergic, much more so than the average person, and there is nothing in the record to indicate that his employment directly caused his condition.

However, I disagree with the reasoning used by the majority. I do not believe that any of the cases cited stand for the proposition that, in order for the employee to "quit for

good cause connected with the work", the employer must be at "fault" or that the employer must have taken some action which actually caused problems for the employee.

I am not ready to say that, where a physical ailment is directly caused by the work, even though the employee may have thought he could handle the job, and where the job was just as he expected it to be, the employee might not be able to "quit for good cause connected with the work".