Conley BROYLES *v.* Charles L. DANIELS,
Director of Labor, and NAYLOR
PIPE CLEANING

E 80-14                                     600 S.W. 2d 426
Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

DAVID NEWBERN, Judge. The appellant has asked us to
review the determination of the board of review that he is not
entitled to unemployment compensation benefits. Although
the appellant has not cited any specific deficiency, we will
review the record to determine whether there was substantial
evidence to support the board's determination.

The appellant took a job in Texas, and he assumed, or had been told, he would be allowed to share living quarters with two other employees of the appellee company. Although the arrangement seemed to work at first, the employee whose quarters he was sharing brought his family to live there, and the appellant was thus forced to obtain separate quarters. Although the appellant stated the wages he had been promised were lower than those he received, he said that before he left the job to return to Arkansas the wages were raised to an amount higher than that which he had been promised. At every stage of the proceeding, the reason given by the appellant for his voluntary removal from the job was that he wanted to return to Arkansas, his home, because he could not earn a living in Texas, given the higher cost of living there.

The appeals referee and the board of review determined the appellant left his job for personal reasons not connected with the work, and thus he was disqualified because of Ark. Stat. Ann. § 81-1106(a) (Supp. 1979), which provides for disqualification if the employee "voluntarily and without good cause connected with the work, left his last work."

By reading between the lines of the appellant's testimony before the appeals tribunal, we can assume his appeal is based upon the contention that he left his last job because of a problem "connected with the work." We agree with the board of review's conclusion that general economic conditions which lead to seeking higher wages or lower living costs do not constitute "good cause connected with the work," as contemplated in the statute. Thus, there is substantial evidence to support the board's determination.

Affirmed.