Shirley PRICE *v.* William F. EVERETT,
Director of Labor

E 81-70                                    616 S.W. 2d 766

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

TOM GLAZE, Judge. This is a review of an order of the Arkansas Employment Security Board of Review denying unemployment compensation benefits to claimant because she had unduly restricted her availability by her salary demand for full-time work.

Claimant is a Greenbrier resident who works for the Internal Revenue Service in Little Rock on a "call as needed basis." She began working in this manner on September, 1977, and at the hearing before the Appeal Tribunal, she testified that she was continuing to do so. This appeal arises from a denial of benefits for a period covering from September 5, 1980, until November 10, 1980, when she was recalled to work.

The claimant testified that she had been seeking other employment in the Conway area which paid in the range that she was making with IRS, $14,000. She told the office at Conway that she would take a job which paid as little as $12,000. She stated that some of the jobs which she learned of through ESD paid only $3.50 per hour. A job she checked on with the Forestry Service paid only $7,000 annually. She applied with Chicopee where her husband works because they could commute together. She applied with Safeway and Kroger in Conway. She also applied with an accounting firm in Conway but never heard from them again.

In its January 13, 1981, decision, the Appeal Tribunal found that the claimant was disqualified from receiving benefits under Section 4(c) of the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976), which provides that claimants will be eligible for benefits if they are unemployed, physically and mentally able to

perform suitable work, available for such work, and doing those things that a reasonably prudent individual would be expected to do to secure work.

The Board of Review found that the claimant was not fully able and available for suitable work and fully attached to the full-time labor force. The Tribunal noted that the claimant had worked for three years for this employer on a call as needed basis. The only other employment during that time was a temporary position with the Census Bureau. Additionally, the claimant was found by the Board to restrict her availability by her salary demand for full-time work.

The claimant contends that she is able and available for work and that $12,000 is not unreasonable for the type of work she is seeking. The record contains an advertisement offering an annual salary of $12,000 for a bookkeeper in the Conway area, which the claimant attached to her Petition for Appeal to the Board of Review. She states that she works part-time for the IRS only because she cannot find other permanent full-time work.

The court recognizes that there is no talismanic percentage figure that separates a substantial reduction in salary from one that is not. Each case must be measured by its own circumstances. *Ship Inn, Inc.* v. *Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 50 Pa. Cmwlth. 292, 412 A. 2d 913 (1980).

Not every wage demand will be considered good cause for the refusal of a job offer. In *Duvall* v. *Daniels*, 1 Ark. App. 51, 613 S.W. 2d 116 (1981), we held that a claimant was not fully available and actively seeking work because she was unwilling to leave her intermittent job as a poultry inspector unless she was offered a full-time job which paid her more money per year. In that case there was substantial evidence to find she was not available to pursue a full-time position elsewhere.

However, a claimant who is offered a job similar to his previous position at a salary less than what he had previously received can refuse it and not be termed unavailable

for work unless the reduction is relatively insignificant. In *Johnson* v. *Administrator, Division of Employment Security*, 166 So. 2d 366 (La. App. 1964), the claimant's prior earnings in her customary occupation had been $35.00 weekly for an appreciable length of time. She was offered work which paid a net of merely $25.00 weekly from which an additional weekly $3.00 had to be paid for transportation so that the work offered paid less than two-thirds of the claimant's customary prior wages. That court held that the work offered was not suitable if the wages are substantially less than the prior earnings of the claimant in his primary occupation from which he has become unemployed.

It appears from the record that the Appeal Tribunal and the Board of Review omitted from their consideration in the instant case whether the work which was offered to claimant was suitable in view of claimant's prior training, experience and earnings. If the claimant could have found employment to which her training and experience entitles her, with appropriate salary, she should have been granted a reasonable opportunity to make that quest. Under Ark. Stat. Ann. § 81-1106 (c) (D) (1) (Repl. 1976), these factors must be considered by the Board of Review when determining whether proffered work is suitable. Section 81-1106 (c) (D) (1) (Repl. 1976) provides:

> In determining whether or not any work is suitable for an individual and in determining the existence of good cause for voluntarily leaving his work under subsection (a) of this section, there shall be considered among other factors, and in addition to those enumerated in paragraph (2) of this subsection, the degree of risk involved to his health, safety and morals, his physical fitness and *prior training, his experience and prior earnings*, the length of his unemployment, his prospects for obtaining work in his customary occupation, the distance of available work from his residence and prospects for obtaining local work. [Emphasis supplied.]

As is provided in § 81-1106 (c) (D) (1) (Repl. 1976), another factor the Board must consider is the length of the

claimant's unemployment. The period of unemployment in question here is only nine weeks, which is a relatively short period of time. As the period of unemployment continues, a job offer at a salary lower than the claimant earned previously may become suitable, even though the lower salary may not have been suitable at the time the claimant first became unemployed. Thus, after a period of fruitless searching for a job, it may then be reasonable for the Board to expect the claimant to moderate her salary expectation. See, *Johnson* v. *District Unemployment Compensation Board*, 408 A. 2d 79 (D. C. 1979).

Although it does not appear that the Board considered the factors set forth in § 81-1106 (c) (D) (1) (Repl. 1976), there is sufficient evidence in the record to decide this case in view of the legal principles and statutory requirements noted above. Here, the claimant was unemployed for only a short period of time, was making $14,000 per year in her part-time job, and was offered employment which would involve a 50% salary reduction. Under these facts, we hold that she was not offered suitable employment and is not disqualified for the weeks in question.

Reversed.