## REYNOLDS METALS CO. *v.*
## Milton COUCH, David BATES, James DICKEY, Sr., and Dewey STILES, DIRECTOR OF LABOR

E 84-24                                675 S.W.2d 838

Court of Appeals of Arkansas
Division II
Opinion delivered September 26, 1984
[Rehearing denied October 24, 1984.]

*Wright, Lindsey, & Jennings,* for appellant.

*Youngdahl & Larrison, P.A.,* by: *Jay Thomas Youngdahl,* for Couch, Bates, and Dickey.

*Alinda Andrews,* for appellee Stiles.

MELVIN MAYFIELD, Judge. Prior to January 11, 1982, appellees, Couch, Bates and Dickey, who were employed by appellant, Reynolds Metal Company, had been informed that they were among a group of employees who would be affected by a reduction in force. Pursuant to a

union contract with Reynolds these appellees had the option of "bumping" less senior employees but chose not to exercise that option and, therefore, ceased work on the above date.

On June 29, 1982, the Arkansas Board of Review affirmed the decision of the Appeal Tribunal holding that appellees were entitled to unemployment benefits. That decision was appealed to this court and we remanded the matter to the Board of Review. *Reynolds Metals Co.* v. *Couch*, 8 Ark. App. 37, 648 S.W.2d 497 (1983). It was our holding that whether appellees voluntarily quit work without good cause connected with the work depended upon whether they had failed to accept available, suitable work as defined and explained in Ark. Stat. Ann. § 81-1106 (c) (Repl. 1976). Our opinion concluded:

> In *Terry* v. *Director, supra,* there was no evidence in the record as to whether the offered work was still available after claimant had been given a reasonable length of time to find other work. Here, the record contains evidence that the three positions available to claimants were still available on the date of the Appeal Tribunal hearing, March 18, 1982, approximately 10 weeks after claimants were informed that they would be losing their positions. If the Board of Review finds that the offered work was unsuitable at the time offered, it must then decide whether a reasonable time passed so as to make the work offered claimants in this case suitable. (Citations omitted.)

On remand, the Board of Review held that the work offered appellees when they ceased working on January 11, 1982, was not suitable and was not suitable through the date of the Appeal Tribunal hearing on March 18, 1982. The Board noted that it could make findings only "up until that date."

Reynolds has appealed from the Board's decision and its sole point is that it "is entitled to a consideration of and a determination as to whether offered and available.

work was suitable within the contemplation of the statute at times subsequent to 9.5 weeks after the claimants had been on voluntary layoff" and Reynolds contends that the Board "erred in not affording the parties a hearing and an opportunity to present evidence" on this issue. Appellant's brief states that the problem seems to be that there is no specific statutory provision for handling the situation that is involved, but asserts that this court has established a right and can effect a remedy.

The appellee Director of Labor has filed a brief stating that Ark. Stat. ·Ann. § 81-1106 (c) (Repl. 1976), which disqualifies a claimant who refused to accept "suitable work when offered," is administered by the Employment Security Division and when an employer reports a work offer that is refused, the agency will gather the facts and issue a determination of whether the refusal was "without good cause." The director says he has "no quarrel" with the Board of Review's deciding the suitability of work question through the date of the Appeal Tribunal hearing on March 18, 1982, but contends that the appellant's attempt to have the Board go back over the period of two years and three months since the March of 1982 hearing would "circumvent the statutory scheme" and "cause an administrative nightmare for the Board of Review as well as for ESD." The Director cites the case of *Wacaster* v. *Daniels,* 270 Ark. 190, 603 S.W.2d 907 (Ark. App. 1980), as an example of how the statutory procedure is designed to work and says Reynolds simply did not follow that procedure in this case and is now seeking to be exempt from following the law.

Reynolds points out that under the union contract the unemployed appellees could notify the company of their desire to be recalled and the company would have to return them to work at the first available job to which their seniority entitled them. Reynolds cites *Price* v. *Everett,* 2 Ark. App. 98, 616 S.W.2d 766 (1981), as authority for the duty of claimants to moderate their employment demands as the period of unemployment continues and says at a hearing before the Board of Review it would be shown that the appellees in this case

had sufficient seniority to return to work on multiple occasions after March 18, 1982. The unemployed appellees, however, have filed a brief in which they say this procedure is outside the statutory scheme and they point to our opinion remanding their case where we said we "do not believe that a private agreement between an employee and an employer can affect the eligibility of the employee for unemployment benefits."

We agree with the arguments of the Director of Labor and the unemployed appellees. Our order of remand directed the Board of Review to consider only the suitability of any work offered prior to the hearing of March 18, 1982. The procedure for the period of time after that date is regulated by the statutes enacted by the Arkansas legislature and the Board of Review was correct in holding that at the time of the remand hearing it could make findings only for the period up to March 18, 1982.

Affirmed.

CORBIN and CLONINGER, JJ., agree.