Lorrie A. ROWLETT v. DIRECTOR, Arkansas Employment Security Department and the Front Page Cafe

E 93-45        872 S.W.2d 83

Court of Appeals of Arkansas
Division I
Opinion delivered March 16, 1994

*Leif Hamman*, for appellant.

*Allan Pruitt*, for appellee.

JAMES R. COOPER, Judge. The appellant in this unemployment compensation case quit her job as waitress for the appellee, The Front Page Cafe, because her husband was ordered to report to Fort Stuart, Georgia, for active duty in the United States Army. Subsequently, the appellant filed a claim for unemployment benefits which was denied. On November 9, 1992, the denial of unemployment benefits was affirmed by the Board of Review.

For reversal, the appellant contends that the Board of Review erred in finding that she voluntarily left her work without good cause related to the work; alternatively, the appellant contends that the Board erred in failing to find that she left her employment because of a personal emergency. We affirm.

Pursuant to Ark. Code Ann. § 11-10-513(a)(1) (1987), a worker who left his last work voluntarily and without good cause connected with the work is disqualified for benefits. The appellant argues that there is good cause connected with the work under the foregoing statute by virtue of the distance between Georgia, where her husband has been stationed, and her former place of employment in Jonesboro, Arkansas. Although we agree that, under normal conditions, a distance of several hundred miles between home and work would make commuting unreasonable, we do not agree that the Board erred in denying benefits. The term "good cause," means a justifiable reason for not accepting the particular job offered; to constitute good cause, the reason for refusal must not be arbitrary or capricious and the reasons must be connected with the work itself; while personal factors may be considered in determining whether there is good cause, they are

not controlling or dispositive of the issue. *Wacaster* v. *Daniels*, 270 Ark. 190, 603 S.W.2d 907 (1980).

■ In the case at bar, it is clear that the place of employment did not move. Instead, the great increase in distance between the appellant's home and work was caused by a personal factor, the Army's transfer of her husband to a new duty station in Georgia. Other courts faced with analogous issues have held that a claimant's voluntary termination of her employment in order to follow her husband, transferred by the military, is properly characterized as voluntary termination for personal reasons. *See Department of the Air Force* v. *Unemployment Appeals Commission*, 486 So.2d 632 (Fla. App. 1986). Under these circumstances, we hold that the Board did not err in finding that the appellant voluntarily left her work without good cause related to the work.

■ Nor do we agree that the Board erred in failing to find that the appellant left her employment because of a personal emergency. Prior to July 1, 1983, Arkansas' Employment Security Law excepted from disqualification claimants who voluntarily left their work to accompany a spouse in a new place of residence. Ark. Stat. Ann. § 81-1106 (Repl. 1976). However, Act 482 of 1983 declared this provision to be ineffective after July 1, 1983. Given the legislature's clear statement that circumstances such as those presented in the case at bar would no longer constitute an exception to the statutory requirement that benefits are not payable to a person who voluntarily leaves his work without good cause connected with the work, we cannot say that the Board erred in finding that these circumstances did not constitute a personal emergency so as to entitle the appellant to unemployment benefits.

Affirmed.

ROBBINS and MAYFIELD, JJ., agree.