Doyne D. BROWN *v.* DIRECTOR, Employment
Security Division

E 95-20                                    924 S.W.2d 492

Court of Appeals of Arkansas
Division II
Opinion delivered June 26, 1996

*Jeffrey A. Weber*, for appellant.

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. Doyne Brown appeals from a decision of the Arkansas Board of Review which denied his claim for unemployment benefits.

Appellant filed a claim for unemployment benefits on August 8, 1994. On August 30, 1994, appellant completed an "Arkansas Employment Security Department Work Sheet" in which he stated he quit because Larry Sigler questioned him about an insurance claim he submitted for substance abuse treatment; that he felt that this was an invasion of his privacy; and that he felt he could not

continue working under those conditions. He also stated that his wages and working hours had been reduced about a year prior to August 30, 1994.

The agency found that appellant quit his job for undisclosed reasons and denied benefits based upon Ark. Code Ann. § 11-10-513(A)(1) on the finding that appellant left his work voluntarily and without good cause connected with the work.

Appellant appealed to the Appeal Tribunal, and at a hearing held October 19, 1994, appellant testified he walked off the job because he was so outraged he felt it best to say nothing to anyone. He testified he was upset because Mr. Sigler, the employer's president, told him he was not going to pay a health insurance claim. Appellant said Sigler asked about the claim and it was appellant's understanding that this was illegal under the Americans with Disabilities Act. Appellant testified that he had filed two claims for substance abuse treatment approximately eight months previously, and only one was paid. Appellant said the other claim was paid six weeks after he was "constructively discharged." Appellant said he made no effort to discuss the problem with his employer; that he was demoted approximately one year ago because of a substance abuse insurance claim; and although he did not receive a pay cut, his hours were reduced from 47 ½ to 45 hours per week. Appellant testified further that he was not aware that, under the Americans with Disabilities Act, there are situations where an employer has the right to ask for assurances that an employee is not currently using drugs.

Terry Stalnaker testified he observed the confrontation between Sigler and the appellant; he saw that appellant was very upset; and he saw appellant go out the back door, but he did not hear what was said.

Barbara Brosett, the employer's office manager, testified that the employer was a self-insured company with an administrator. She testified that Sigler has nothing to do with the insurance checks and would not have the authority to stop a claim. She said that on the day in question Sigler opened the mail and said he would ask appellant what he was on. She testified that to her knowledge appellant was not reduced in pay.

The Appeal Tribunal denied benefits on the basis that appellant voluntarily left his last work without good cause connected

with the work within the meaning of the law. The referee held there was insufficient evidence to show that appellant's wages or hours were reduced, but that the evidence shows he primarily quit because he became upset that the employer was questioning him about his condition.

The Board of Review affirmed the decision of the Appeal Tribunal, and found:

> The evidence indicates that the claimant became upset when the president of the company asked him about a claim for drug rehabilitation costs, and walked off the job. He acknowledged that he made no effort to resolve the problem before quitting, because of what he termed his "outrage." . . . The claimant also contended that he was improperly demoted and reduced in pay. He did not testify as to the date that occurred, but information in the record indicates that occurred in 1993. Because of the remoteness in time, the Board cannot see how that could be considered part of the catalyst in his decision to quit on the day he did.

On appeal to this court, the appellant argues that the Board's decision is not supported by substantial evidence.

■ On review of unemployment compensation cases, the factual findings of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is valid, legal and persuasive evidence; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Victor Industries Corporation v. Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981).

Appellant argues he had good cause to resign his employment because he believed his insurance benefits were being wrongly withheld from him. In support of this argument he cites *Young v. Everett*, 6 Ark. App. 295, 641 S.W.2d 39 (1982), but that case is factually different from this case. There, the appellant testified that when he was hired the employer agreed to provide expenses for any change in location of the job site. But when the employer's operation was moved to another county, the appellant was told the employer would not pay his out-of-town expenses. Appellant resigned when he discovered his wages would not cover his expenses.

■ Here, the appellant left his job when he became upset because his employer told him he was not going to pay an insurance claim. However, appellant admitted one claim had already been paid; the other claim was paid six weeks after he quit; and there was evidence that the employer did not have the authority to stop a claim. Moreover, appellant said he did not make an effort to discuss the problem before walking off the job. The taking of appropriate steps to prevent a perceived misconduct from continuing is an element to be considered in determining whether an employee had good cause to quit work. *See Teel v. Daniels*, 270 Ark. 766, 606 S.W.2d 151 (Ark. App. 1980).

■ In the instant case, we think the Board's decision is supported by substantial evidence.

Appellant has also argued that because the record on appeal was not timely filed the appellee should be estopped from denying that appellant is entitled to unemployment benefits. Appellant says he filed his pro se petition for review on January 24, 1995; the agency filed an answer on March 1, 1995; and the transcript of the record was filed August 18, 1995. The appellant argues the record should have been filed within 90 days from the date the petition was filed.

In support of this argument, appellant cites *Wortham v. Director of Labor*, 31 Ark. App. 175, 790 S.W.2d 909 (1990), where we issued a writ of certiorari requiring the record to be filed because over five months had passed since the filing of the notice of appeal, and the record was not yet filed. Drawing upon the requirement of the Rules of Appellate Procedure in appeals from circuit and chancery courts, we held that a period of 90 days after the filing of the notice of appeal was a reasonable time in which to file the record in an appeal from the Board of Review. Appellant says the *Wortham* rule is meaningless unless a penalty is enforced against the agency for failure to adhere to the rule.

It is true that the appellee failed to file the transcript of the record in this case until seven months after the date the appellant's petition was filed. The problem is that Ark. Code Ann. § 11-10-529(b)(1) (Repl. 1996) provides that the Director of the Arkansas Employment Security Department shall file a certified copy of the record of the case, including all documents, papers, and a transcript of the testimony, but does not specify a time period in which this

must be done. In *Wortham* we granted a petition for writ of certiorari and ordered that the record be transmitted within 30 days.

■ Of course, if the Board were the appellant in this case there would be precedent for dismissing the appeal. *See Coggins* v. *Benton*, 45 Ark. App. 189, 873 S.W.2d 820 (1994). And if the director had failed to file the record as required by a writ of certiorari, it would not be improper for sanctions of some kind to be applied. But we do not think that we should, without some advance warning, apply sanctions for simply failing to file the record on appeal within 90 days after the notice of appeal has been filed by a claimant. However, we think it fair to state that this court might in the future consider this opinion sufficient advance warning.

Affirmed.

STROUD and NEAL, JJ., agree.