Barry G. COWAN *v.* DIRECTOR, Arkansas Employment Security Department and Forsgren, Inc.

E 96-11                                            936 S.W.2d 766

Court of Appeals of Arkansas
Divisions I and III
Opinion delivered February 5, 1997

Appellant, *Pro Se.*

*Allan Pruitt,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Barry G. Cowan appeals the Board of Review's denial of unemployment compensation benefits in accordance with Ark. Code Ann. § 11-10-513 (Repl. 1996), upon finding that appellant left his last work voluntarily and without good cause connected with the work. He argues that the decision is not supported by substantial evidence. We affirm.

We do not conduct a de novo review on the appeal of a decision of the Board of Review. The findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (Repl. 1996); *Perdix- Wang v. Director,* 42 Ark. App. 218, 856 S.W.2d 636 (1993). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board

might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

■ ■ The Board of Review adopted the findings of fact and conclusions of law made by the Appeal Tribunal. The Appeal Tribunal found that appellant quit his job because of problems with another worker, Kenny Stern. Stern had hidden the appellant's lunch, took keys out of equipment that appellant was operating, and threw the appellant's hat. The appellant believed that they were about to fight and complained to the superintendent, Joe Holland, who instructed the appellant to fight it out. Appellant did not approach the president of the company prior to quitting because he had rarely seen him and he had always answered to Holland. The Appeal Tribunal found that the employer encouraged its employees to resolve problems among themselves or through the superintendent, but that the president would meet with employees to discuss problems if he was approached. One of the elements in determining whether good cause exists for an employee to terminate his employment within the meaning of unemployment compensation law is whether the employee took appropriate steps to prevent the mistreatment from continuing. *See McEwen v. Everett, Director,* 6 Ark. App. 32, 637 S.W.2d 617 (1982); *Teel v. Daniels, Director,* 270 Ark. 766, 606 S.W.2d 151 (Ark. App. 1980). The Appeal Tribunal concluded that while the appellant did talk to his direct supervisor, it would have been appropriate to take his complaint to the president before giving up his job. Therefore, appellant voluntarily left his last work without good cause connected with the work within the meaning of the law. From our review of the record, there is substantial evidence to support these findings and decision. Therefore, we affirm the Board's decision that appellant left his last work voluntarily and without good cause connected with the work.

Affirmed.

PITTMAN and JENNINGS, JJ., agree.

ROGERS, STROUD, and GRIFFEN, JJ., dissent.

JUDITH ROGERS, Judge. I respectfully dissent from the majority's opinion because the result in this case places an unreasonable requirement on an employee to preserve his job rights. In a situation where an employee is threatened by another co-worker, and the resolution of this problem by the employee's supervisor is to "fight it out" with the co-worker, I do not believe that our law requires the employee to physically subject himself to harm to protect his job rights.

Although our standard of review restricts us from determining questions of fact, I find it unrealistic in this case that appellant should have gone through the chain of command of a company to speak with the president before quitting. Appellant was unable to perform his job because a co-worker had removed the keys from the equipment that appellant was operating. Also, appellant was being taunted and provoked into a fight by a co-worker. Instead of engaging in a fight at work, appellant approached his supervisor and reported the incidents. The supervisor's only response was for appellant to "fight it out." Also, the evidence reflects that the president of the company was not readily available to the employees and that employees were encouraged to resolve problems between themselves and their supervisors. If this affirmance becomes the law, we might be faced with problems in very large or multi-state jurisdictions where it is not possible to reach the president because his office may be in another state. Surely our laws do not require that we give up civility, safe work environments, or responsibility in the chain of command before an employee's rights to a safe work place is guaranteed. Based on the facts of this case, I would reverse.

GRIFFEN and STROUD, JJ., join in this dissent.