Charles GARRETT *v.* DIRECTOR, Employment Security Department, and Borden, Inc.

E 96-46                                          944 S.W.2d 865

Court of Appeals of Arkansas
Division I
Opinion delivered June 4, 1997

*Appellant*, pro se.

*Phyllis Edwards*, for appellees.

JOHN F. STROUD, JR., Judge. This is an employment security case. Appellant, Charles Garrett, appeals from a decision of the Arkansas Board of Review that found that he left his work voluntarily and without good cause connected with the work. The Board's decision reversed the Appeal Tribunal's finding that appellant had good cause for quitting his job. The appellant is not represented by an attorney, and neither party has filed a brief. We reverse and remand to the Board of Review to award appellant's benefits.

Appellant worked for the employer approximately fifteen years. He left his supervisor position because of problems on the job. Specifically, appellant's own supervisor was not able to hire

enough employees to perform all the work. Consequently, appellant was required to work long hours. He worked fifteen to eighteen hours per day. As a salaried management employee, he was not paid overtime. His employees, who did receive overtime pay, earned more than he did. A former plant manager had promised him a five percent raise and back pay. He admitted that he had received a raise in 1995, but it was not a five percent raise and he did not receive back pay. Company reorganization and restructuring had been taking place for approximately four years prior to appellant's departure from the company. Management changes had resulted in an unstable work environment that was stressful. He complained to his supervisor, but nothing was done. He complained to the plant manager and plant superintendent on September 11, 1995. He said that they also promised changes, but that he believed that changes needed to be made immediately.

The human resources representative testified that appellant's exit statement indicated that he quit because of dissatisfaction with pay, long hours of work, and poor management attitude. He testified that appellant did not have a formal contract, but as a management employee he was exempt under federal law from being paid overtime. He acknowledged that appellant and other supervisors complained about the company's management and that the other supervisors had many of the same complaints voiced by appellant. He stated, however, that the other supervisors did not quit.

"Good cause" is a cause that would reasonably impel an average able-bodied, qualified worker to give up his or her employment. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). It is dependent not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting, but also on the reaction of the average employee. *Id.* Another element of good cause is whether the employee took appropriate steps to rectify the problem. *Claflin v. Director*, 53 Ark. App. 126, 920 S.W.2d 20 (1996). What constitutes good cause is ordinarily a question of fact for the Board to determine from the particular circumstances of each case. *Perdrix-Wang, supra.*

We do not conduct a *de novo* review of the evidence in an appeal from a decision of the Board of Review. *Cowan v. Director,* 56 Ark. App. 17, 936 S.W.2d 766 (1997). The Board's findings of fact are conclusive if they are supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rucker v. Director,* 52 Ark. App. 126, 915 S.W.2d 315 (1996). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Cowan, supra.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Here, appellant had worked in an admittedly stressful environment for four years while the company was reorganizing and restructuring. He worked fifteen to eighteen hours per day, with no overtime pay. He had made several attempts to discuss his concerns with his supervisors, but those concerns were never addressed. Viewing the evidence in this case in the light most favorable to the Board's finding, we conclude that the finding is not supported by substantial evidence. We determine that the Board could not reasonably reach its decision that appellant left his job voluntarily and without good cause. We therefore reverse and remand the case to the Board of Review to award appellant his unemployment benefits.

Reversed and remanded.

NEAL and MEADS, JJ., agree.