Jane RODRIGUEZ *v.* DIRECTOR, Arkansas Employment
Security Department

E 95-40                                      952 S.W.2d 186

Court of Appeals of Arkansas
Division IV
Opinion delivered October 1, 1997

*Jeffrey E. Levin,* for appellant.

*Phyllis Edwards,* for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Board of
Review's decision denying appellant, Jane Rodriguez, unemploy-
ment benefits. On appeal, appellant argues that there is no sub-

stantial evidence to support the Board's decision and that the case should be remanded for further investigation. We disagree and affirm.

The record indicates that, since 1989, appellant had worked for Shinn's Orchards planting, thinning, and harvesting peaches. She filed a claim for unemployment benefits in 1994. However, Shinn's Orchards did not pay unemployment-insurance taxes at the time that appellant filed her claim. A district tax field representative was sent by the Employment Security Department (ESD) to investigate whether or not Shinn's Orchards was an agricultural employer and whether it was required to pay insurance benefits. It was determined that Shinn's Orchards was an agricultural business employing agricultural labor. The field representative investigated the employer's checking account and determined, however, that Shinn's Orchards was not a covered employer as defined under Ark. Code Ann. § 11-10-210(a)(5)(A) (Repl. 1996) and was thus not required to pay unemployment insurance. A hearing was held before the Appeal Tribunal during which the field representative and three people who had worked for Shinn's Orchards testified. The Appeal Tribunal found that Shinn's Orchards was a covered employer and that appellant was entitled to unemployment benefits. The Board of Review disagreed and reversed the Appeal Tribunal, finding that appellant had failed to prove that Shinn's Orchard had employed ten or more employees for at least twenty weeks or that Shinn's Orchard had paid $20,000 in remuneration during any quarter in question.

On appeal, the findings of fact of the Board of Review are conclusive if supported by substantial evidence. *White v. Director*, 54 Ark. App. 197, 924 S.W.2d 823 (1996). Our review is limited to determining whether the Board could reasonably reach its decision upon the evidence before it; we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Brown v. Director*, 54 Ark. App. 205, 924 S.W.2d 492 (1996).

Appellant argues that there is no substantial evidence to support the Board's finding that Shinn's Orchard had not employed ten or more employees for at least twenty weeks. We disagree.

Arkansas Code Annotated § 11-10-210(a)(5) provides that "employment" means:

> (5) Service performed by an individual in agricultural labor as defined in subdivision (f)(1) of this section when:
>
> (A) The service is performed for a person who:
>
> (i) During any calendar quarter in either the current or the preceding calendar year paid remuneration in cash of twenty thousand dollars ($20,000) or more to individuals employed in agricultural labor; or
>
> (ii) For some portion of a day in each of twenty (20) different calendar weeks, whether or not the weeks were consecutive, in either the current or preceding calendar year, employed in agricultural labor ten (10) or more individuals, regardless of whether they were employed at the same moment of time.

At the hearing, three people who had worked for Shinn's Orchard testified concerning the number of people that had also worked for Shinn's Orchard. Appellant's husband testified that he worked three days in 1993 during the thinning season, which would have been at the end of May or June. He said that he saw nine other people working at that time. He also testified that he and several of the other workers had been paid in cash. Tobby Allen, a laborer, testified that he worked five weeks from June 25 through July 30, 1993. He also said that he saw about nine people working during that time. Appellant testified that she worked basically year round. She said that the thinning season lasted for two weeks and that picking season lasted from the first of June through the middle of August. The workers revealed that Mr. Shinn was essentially using Mexican laborers during the busy parts of the peach season and paying several of them by cash. When specifically questioned by the referee why Mr. Shinn could not recall any of the Mexicans that prior witnesses had testified worked for him, Mr. Shinn stated, "No comment."

After reviewing the evidence, we are reluctantly unable to say that there is no substantial evidence to support the Board's finding that appellant failed to prove that ten or more people worked twenty or more weeks. We are bound by our standard of review to affirm this point.

Appellant also argues that this case should be remanded for further investigation by the ESD with regard to the cash payments made by Shinn's Orchards. Appellant contends that it was the ESD's responsibility to provide her with a thorough and competent investigation so that she could establish her burden of proof. Appellant fails to cite to any authority in support of her argument that it was ESD's duty to aid her in proving her claim. Where appellant fails to cite any authority or present any convincing argument, and it is not apparent without further research that appellant's position is well taken, we will affirm. *Equity Fire & Cas. Co. v. Needham*, 323 Ark. 22, 912 S.W.2d 926 (1996).

Without reaching appellant's argument, we feel compelled to comment that Ark. Code Ann. § 11-10-307 (Repl. 1996) gives the Director of the Arkansas Employment Security Department the authority to set up and maintain an enforcement unit. The unit has the power to conduct investigations "in connection with the enforcement of this chapter to the end that fraudulent claims on the part of the claimants and the violation of this chapter on the part of employers may be curtailed to the minimum possible." Ark. Code Ann. § 11-10-307(g)(1) (Repl. 1996). Even though it is not the duty of the ESD to aid appellant in proving her claim, it is legislatively mandated that an investigation by the ESD, if undertaken, be performed to curtail violations by employers. In this case, it is clear that the ESD investigated Shinn's Orchard; however, from a review of the record it would appear that the investigation was wholly inadequate to achieve the purpose set forth in Ark. Code Ann. § 11-10-307.

Affirmed.

BIRD and ROAF, JJ., agree.