Kenneth FERREN *v.* DIRECTOR, Employment Security
Department, and J W Bailey Landscaping

E 97-48 956 S.W.2d 198

Court of Appeals of Arkansas
Division IV
Opinion delivered December 3, 1997

No briefs filed.

D. FRANKLIN AREY, III, Judge. The Board of Review affirmed the denial of unemployment insurance benefits to the appellant, Kenneth Ferren, on the basis that he left his last work voluntarily and without good cause connected with the work. The Board also affirmed a decision not to reopen the scheduled

hearing, upon appellant's failure to show good cause for not appearing at the hearing. Appellant brings this appeal challenging the Board's decisions. We must reverse and remand the Board's decision on the merits, because it did not set forth the findings of fact upon which it relied in reaching its conclusion. However, we affirm the Board's determination that the hearing should not be reopened.

Appellant's challenge to the Board's denial of benefits requires a review of the Board's findings. The Employment Security Department denied appellant's claim for benefits. The Arkansas Appeal Tribunal affirmed the department's decision. The Appeal Tribunal's discussion of the merits in its written decision consists of the following:

> After a study of the record in this case, the Appeal Tribunal finds that all interested parties have been afforded a reasonable opportunity for a fair hearing and that the determination of the Employment Security Department is supported by the record. Therefore, the determination of the Employment Security Department denying the claimant benefits is affirmed.

The Appeal Tribunal did not identify any evidence or facts it relied on in making this decision.

Appellant then appealed to the Board of Review; the Board affirmed the Appeal Tribunal. Its discussion was also limited:

> Also after a consideration of the evidence of record, the Board of Review finds that the decision of the Tribunal which affirmed the Department determination disqualifying the claimant from receiving benefits under Ark. Code Ann. § 11-10-513(a) is supported by the record. That Tribunal decision is hereby adopted as part of the decision of the Board of Review. Therefore, the decision of the Appeal Tribunal which left in effect the Department's determination is affirmed on the finding that the claimant left last work voluntarily and without good cause connected with the work.

The Board did not recite the factual basis for its decision; it did not otherwise discuss the evidence before it.

■ Did the Board make sufficient findings of fact to permit meaningful appellate review of its decision? It is instructive to

review comparable workers' compensation law on this question. In both areas of the law it is the responsibility of the respective agencies to make findings of fact. *Compare Lawrence v. Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983) (matter remanded to Board of Review in light of its failure to make a finding on an issue), *with Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986)(case reversed and remanded upon Workers' Compensation Commission's failure to make findings of fact). Our supreme court drew upon workers' compensation law to establish the scope of judicial review in employment security cases. *Harris v. Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978). Likewise, our supreme court referred to its practice in workers' compensation cases when it determined that the Board's failure to make findings of fact required remand of the matter at hand. *Reddick v. Scott*, 217 Ark. 38, 228 S.W.2d 1008 (1950). Our court has followed this practice of supplying rules in employment security cases by looking to comparable workers' compensation law. *See City of Fayetteville v. Daniels*, 1 Ark. App. 258, 614 S.W.2d 680 (1981).

■ In the workers' compensation law context, we have provided some guidance as to what constitutes a sufficient finding of fact:

> A satisfactory, sufficient finding of fact must contain all of the specific facts relevant to the contested issue or issues so that the reviewing court may determine whether the Commission has resolved these issues in conformity with the law. The Commission must find as facts the basic component elements on which its conclusion is based. . . .
>
> A finding of fact sufficient to permit meaningful review is a "simple straightforward statement of what happened."

*Lowe v. Car Care Mktg.*, 53 Ark. App. 100, 102, 919 S.W.2d 520, 521 (1996)(citations omitted). A conclusory statement that does not detail or analyze the facts upon which it is based is not sufficient. *Cagle Fabricating & Steel, Inc. v. Patterson*, 309 Ark. 365, 369, 830 S.W.2d 857, 859 (1992).

■ Under these standards, it is apparent that the Board of Review's decision in this case does not set forth sufficient findings

of fact upon which it relied in reaching its conclusion. We are presented with a conclusory statement, labeled a "finding," that the appellant "left last work voluntarily and without good cause connected with the work." The Board did not detail or analyze the facts upon which this "finding" was based. *See Cagle Fabricating & Steel, Inc.*, 309 Ark. App. at 369, 830 S.W.2d at 859. The Board failed to provide a simple straightforward statement of what happened; in the absence of such a statement, we cannot determine whether the Board applied Ark. Code Ann. § 11-10-513(a) (Repl. 1996) in conformity with the law.

We note that the Board adopted the Appeal Tribunal's decision as its own. If the Appeal Tribunal had made findings of fact and conclusions of law sufficient to allow meaningful review, this would have been acceptable. *See, e.g., Cowan v. Director*, 56 Ark. App. 17, 936 S.W.2d 766 (1997)(where the Board adopted the Appeal Tribunal's findings of fact and conclusions of law, we reviewed those findings and conclusions under the applicable standard of review); *cf. Lowe*, 53 Ark. App. at 102, 919 S.W.2d at 521 ("[w]hile the Commission may specifically adopt the findings of fact made by the administrative law judge, it is necessary under such circumstances that the administrative law judge have made sufficient findings"). As the excerpt quoted above indicates, the Appeal Tribunal did not make sufficient findings of fact to permit review.

Because we are unable to determine the facts upon which the Board relied in reaching its conclusion, we reverse and remand for the Board to make specific findings of fact.

For his second point, appellant challenges the Board's decision not to reopen his hearing. Again, the Board adopted the Appeal Tribunal's decision as its own. The Appeal Tribunal found that its file contained two call-in slips for the appellant; both slips contained a phone number for a church. The Appeal Tribunal also called the phone number of appellant's grandmother that was contained in the file. Appellant was not at either of these numbers. Appellant denied leaving the church's number, and mentioned at the hearing on the reopening issue that he had heard that the employer was bragging about having someone else call in pre-

tending to be appellant. The Appeal Tribunal noted that the church's number was the only number called in for the appellant; if the employer called that number in, then there was no record of the appellant having called in a correct number at all. The Appeal Tribunal thought it was unlikely that the appellant's number was copied down incorrectly twice. The Appeal Tribunal concluded that it was more likely that appellant called in the wrong number by mistake; it did not believe that this was good cause for failing to appear.

■ ■ Our standard of review is well settled:

> The findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Cowan v. Director*, 56 Ark. App. 17, 18-19, 936 S.W.2d 766, 767 (1997) (citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Carraro v. Director*, 54 Ark. App. 210, 924 S.W.2d 819 (1996).

■ The Board's decision is supported by substantial evidence. Therefore, the Board's decision on this point is affirmed.

Affirmed in part; reversed and remanded in part.

CRABTREE and ROAF, JJ., agree.