Gary W. BARBER *v.* DIRECTOR, Employment Security
Department, and Rust Constructors, Inc.

E 98-66                                    992 S.W.2d 159

Court of Appeals of Arkansas
Division III
Opinion delivered June 9, 1999

*J.T. Skinner*, for appellant.

*Phyllis Edwards*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Gary Barber appeals the denial of unemployment benefits after resigning from his position at Rust Constructors, Inc., on November 20, 1997. He had worked for Rust Constructors, Inc., for approximately nine months. He filed for benefits at the Employment Security Department, and appealed to the Appeal Tribunal and the Board of Review. The employer did not participate in any of

the hearings. He did not prevail at any of those levels, and he now appeals to this court. We affirm.

■ In appeals of unemployment compensation cases, the findings of fact by the Board of Review are conclusive if supported by substantial evidence, and our review is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *Hiner v. Director*, 61 Ark. App. 139, 965 S.W.2d 785 (1998); *Rodriguez v. Director*, 59 Ark. App. 8, 952 S.W.2d 186 (1997). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. This court reviews the evidence and all reasonable inferences deducible therefrom in a light most favorable to the Board of Review's findings. *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). We do not conduct a de novo review in appeals from the Board of Review. Even when there is evidence upon which the Board might have reached a different decision, our review is limited to a determination of whether the Board could have reasonably reached its decision based upon the evidence before it. *Hiner, supra*; *Cowan v. Director*, 56 Ark. App. 17, 936 S.W.2d 766 (1997).

Appellant was denied benefits, pursuant to Ark. Code Ann. § 11-10-513(c)(1) (1996), because the Board determined that he had left his last work voluntarily and not for good cause connected with the work. Appellant testified that the day before he resigned, he took off work to go deer hunting and had not called in to inform his supervisor because he did not have access to a telephone in the deer woods. The next day, he and a fellow worker, who had also taken off to go deer hunting, reported to work and were confronted by their supervisor regarding their absence. The supervisor presented each of them a written reprimand, and each refused to sign it. Appellant objected to the reprimand, maintaining that there was a disparate application of the absenteeism policy. Thereafter, the supervisor retrieved the reprimand documents and gave them two choices — either take a demotion with a pay cut or resign. Appellant chose to resign and seek benefits. In his initial application for unemployment compensation, appellant stated that he did not remember why he did not call in, though he knew he was supposed to inform his employer if he was

not going to report for work. During the hearing before the Appeal Tribunal, he testified that he did not call in because he was in the deer woods and had no access to a telephone. The Board found that the reprimand and demotion were reasonable means by which the employer sought to maintain management authority and did not constitute good cause connected with the work for appellant to leave his employment.

■ The term "good cause" means a justifiable reason for not accepting the particular job offered. *Rowlett v. Director*, 45 Ark. App. 99, 872 S.W.2d 83 (1994). To constitute good cause, the reason for refusal must not be arbitrary or capricious, and the reason must be connected with the work itself. *Id.* The question of what is good cause must be determined in the light of the facts in each case. *Wacaster v. Daniels*, 270 Ark. 190, 603 S.W.2d 907 (Ark. App. 1980). Although benefits will be denied an employee who leaves employment for general economic reasons not connected with some specific unfairness perpetrated by his employer, where the employer does an act that causes economic injury to the employee, that act may be good cause connected with the work within the meaning of the statute. *Jackson v. Daniels*, 269 Ark. 714, 600 S.W.2d 427 (1980); and see *Hiner v. Director, supra.*

■ We have recently held that good cause sufficient to have a successful unemployment benefits claim is cause that would reasonably impel an average able-bodied, qualified worker to give up his employment. *Garrett v. Director*, 58 Ark. App. 7, 944 S.W.2d 865 (1997). Good cause depends not only on the good faith of the employee involved, which includes the presence of a genuine desire to work and to be self-supporting, but also depends on the reaction of an average employee. *Id.* Good cause for quitting work involves good faith, the desire to work, and whether the employee took appropriate steps to remedy the situation causing the problem with the work; this issue presents a question of fact. *Morton v. Director*, 22 Ark. App. 281, 742 S.W.2d 118 (1987). It is settled that the factual determinations of the Board of Review must be affirmed if supported by substantial evidence and that this means legal evidence that a reasonable mind might accept as adequate to support a conclusion. *Victor Indus. Corp. v. Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981).

■ On these facts, we agree with the Board and find there to be substantial evidence to support its conclusion. There was proof in the record before the Board that appellant could have accepted the written reprimand and then taken appropriate steps to remedy what he perceived to be an arbitrary application of the attendance policy. Although appellant suffered an economic injury as the result of the employer's disciplinary action, the Board's determination that appellant's demotion and reduction in pay were reasonable responses by the employer to appellant's misconduct is supported by substantial evidence.

■ In closing, we note that appellant mentioned in his brief that the denial of benefits by the Board was on a ground "unanticipated by the Claimant in that he had previously been disqualified for violation of the employer's absenteeism policy." We disagree with this statement. Presumably, what is meant by this comment is that there was a change in grounds for denial at the Appeal Tribunal level and that this constituted an unfair lack of notice of the issues. At the local employment security office, appellant was denied benefits for misconduct connected with the work (*i.e.* violating the absenteeism policy). On appeal to the Appeal Tribunal, the referee modified the denial, basing her decision on Ark. Code Ann. § 11-10-513(a)(1), which is voluntarily quitting employment without good cause. The Board conducted a de novo review and affirmed the decision of the Appeal Tribunal. While there is some authority for reversal when the basis of denial is changed for the first time at the Board of Review level, *Linscott v. Director*, 9 Ark. App. 103, 653 S.W.2d 150 (1983), it has no application in the case before us. Here, the Board of Review denied benefits on the same basis as the Appeal Tribunal, and appellant did not seek a ruling from the Board of Review on the propriety of the modification by the Appeal Tribunal.

Affirmed.

CRABTREE and ROAF, JJ., agree.