Kirk J. RANKIN *v.* DIRECTOR,
Employment Security Department

E 02-40                                        79 S.W.3d 885

Court of Appeals of Arkansas
Division II
Opinion delivered July 3, 2002

[Petition for rehearing denied August 28, 2002.]

*Appellant*, pro se.

*Phyllis A. Edwards*, for appellee.

JOHN E. JENNINGS, Judge. Kirk Rankin appeals from a decision of the Board of Review denying him unemployment benefits on a finding that he voluntarily left his last work pursuant to Ark. Code Ann. § 11-10-513 (Repl. 2002). We hold

that the finding is not supported by substantial evidence and reverse.

Rankin was an inmate at the Arkansas Department of Correction. While there he participated in a work release program. He was employed by Ready Temps Employment, LLC, and was placed by Ready Temps at the Nucor-Yamato Steel Mill just outside of Blytheville, Arkansas. While working at Nucor Steel he was transferred by the Department of Correction to the Brickeys Unit for the purpose of his eventual parole and was no longer allowed to participate in the work release program.

Although the hearing officer found that Rankin had no choice in the matter, she also found that he "voluntarily left his last work without good cause connected with the work." The Board of Review affirmed and adopted the decision of the Appeal Tribunal.

■ ■ We will affirm the decision of the Board of Review if it is supported by substantial evidence. *Hiner v. Director*, 61 Ark. App. 139, 965 S.W.2d 785 (1998). The question is whether the Board could reasonably reach its decision upon the evidence before it. *Rodriguez v. Director*, 59 Ark. App. 8, 952 S.W.2d 186 (1997). In *Dingmann v. Travelers Country Club*, 420 N.W.2d 231 (Minn. Ct. App. 1988), the Minnesota Court of Appeals interpreted the term "voluntarily quit." The court held that the test is whether the individual has exercised his own free will or choice in the separation. *See Dingmann*, 420 N.W.2d at 233.

■ In the case at bar the Board found that Rankin had no choice in the matter and the evidence was undisputed that this was so. It follows that the Board's finding that Rankin voluntarily left his last work is not supported by substantial evidence. We therefore reverse and remand this case to the Board of Review for further proceedings consistent with this opinion.

Reversed and Remanded.

GRIFFEN and NEAL, JJ., agree.