Merlene DUNCAN *v.* DIRECTOR, Employment
Security Department

E02-69                                          88 S.W.3d 858

Court of Appeals of Arkansas
Division II
Opinion delivered November 6, 2002

*Appellant,* pro se.

*Allan Franklin Pruitt,* for appellee.

JOHN E. JENNINGS, Judge. Merlene Duncan appeals from a decision by the Board of Review in an unemployment compensation case. Duncan's argument in essence, is that the Board's decision is not supported by substantial evidence. We agree and reverse.

The Board fairly summarized the testimony:

> The claimant testified that she began working for the listed employer in either 1991 or 1992. She said that she was working in the bakery/deli at the time she quit on September 29, 2001. She stated that she quit because her hours were reduced from forty hours per week to approximately twenty-eight hours per week and she could not pay her bills. She believed that the reduction in work hours was a result of a Wal-Mart Super Center opening in her town, Clinton, Arkansas. She reported that because she could not afford to maintain her home on her reduced salary, she had to move to California to live with her nephew. She noted that she sought employment for one month before she filed a claim for unemployment insurance benefits. The claimant estimated that she worked the reduced hours for six or seven weeks before she quit. She added that she informed the store manager that if she could not be given more hours of work that she would have to quit. She maintained that she also asked for a leave of absence, but the employer did not grant her request. The claimant acknowledged that her intention was to visit her nephew in California until January 2002, and then return to Arkansas.

The store manager testified that he took over the store in June 2001, and the claimant's hours had already been reduced. He said that after June 1, 2001, the claimant worked an average of thirty hours per week. He thought that the reduction in hours was because of the increased competition from the Wal-Mart store. He noted that his store "released a lot of full-time/part-time people because they just didn't need them anymore." He indicated that the claimant was able to work more hours only when someone went on vacation. He recalled that the claimant asked for a leave of absence so she could move to California to earn more money, but his company does not grant leave of absences. He argued that the claimant quit her job with his company to move to California to earn more money, and he did not believe his company was responsible for the claimant being unemployed because if she had stayed she could have continued to work.

The Board then found and concluded:

Based on the evidence, the Board of Review finds that the claimant voluntarily and without good cause connected with the work, left last work. Allegations of a substantial decrease in wages may be considered good cause for voluntarily leaving one's employment. See *Hopkins v. Stiles*, 10 Ark. App. 77, 662 S.W.2d 177 (1983); *rev'd on other grounds*, 282 Ark. 207, 666 S.W.2d 703 (1984). While the Board is aware of the Court's holding in *Hopkins*, the Board believes that other factors must be considered in this case to determine if the claimant's reason for quitting was good cause. Factors such as, the claimant worked the reduced hours approximately four months; the reduction in work hours affected all employees and was due to increased competition; and the claimant wanted a leave of absence so she could leave the state to live, and allegedly work, a brief time in California. The Board finds that while the claimant's wages may not have been what she wanted, she has not established that her reason for quitting rose to the level of good cause. Additionally, the Court has held that general economic conditions which lead to a claimant's seeking higher wages or lower living costs do not constitute "good cause connected with the work" as contemplated in Ark. Code Ann. § 11-10-513. *Broyles v. Daniels*, 269 Ark. 712, 600 S.W.2d 426 (Ark. App. 1980). Therefore, the decision of the Appeal Tribu-

nal, which reversed the Department determination, is reversed on the finding that the claimant voluntarily and without good cause connected with the work, left last work.

■ The Board recognized that a substantial decrease in wages may be considered good cause for quitting one's work and, by implication, found that this appellant had incurred a substantial decrease in wages. The Board then considered "other factors." This was entirely appropriate — when a case is not clearly governed by applicable precedent, the administrative agency must simply do the best it can.

■ ■ Nevertheless, we conclude that none of the "other factors" recited by the Board justify a denial of compensation here. The first and third are immaterial. The second reason given by the Board is worthy of consideration. Clearly, the reduction in appellant's hours was not the fault of the employer.

■ ■ Even so, the general rule is that a substantial reduction in pay, even if attributable to economic conditions beyond the employer's control, will not bar a finding that the reduction constitutes good cause for quitting. *See* 76 Am. Jur. 2d *Unemployment Compensation* § 146 (1992). Finally, we consider the Board's reference to *Broyles v. Daniels*, 269 Ark. 712, 600 S.W.2d 426 (Ark. App. 1980). That case did not involve a reduction in pay, but rather an increase in the claimant's cost of living. It is not in point here.

We reverse and remand with directions for the Board to award benefits.

Reversed and remanded.

VAUGHT and CRABTREE, JJ., agree.