John Ashley MAGEE *v.* DIRECTOR,
Employment Security Department

E 01–293                                        92 S.W.3d 703

Court of Appeals of Arkansas
Divisions I, II and III
Opinion delivered December 18, 2002

*Allen Law Firm*, by: *David W. Sterling*, for appellant.

*Phyllis Edwards*, for appellee.

JOHN E. JENNINGS, Judge. John Magee was employed as the plant manager by U.S. Agricultural, Inc. His father, Allan Magee, and Ed Howard were co-owners of the business. Allan Magee was the president, and Mr. Howard was the treasurer.

Appellant quit his job in June 2000. Some four months earlier he had increased his own salary from $590.00 a week to $670.00 a week. When Mr. Howard learned of this, he reduced appellant's salary back to its former level. Appellant then quit.

Appellant filed a claim for unemployment benefits. The Board of Review denied the claim on a finding that appellant had failed to take appropriate steps to prevent the mistreatment from continuing. In an earlier decision, we held that this finding was not supported by substantial evidence and remanded the case to the Board with the direction that it determine whether the appellant had good cause to quit his work. See *Magee v. Director*, 75 Ark. App. 115, 55 S.W.3d 321 (2001). On remand the Board determined that appellant did not have good cause to quit work, and the appellant has once again appealed, contending that the Board's decision is not supported by substantial evidence. We affirm.

■ ■ "Good cause is a cause that would reasonably impel an average, able-bodied, qualified worker to give up his or her employment." *Garrett v. Director*, 58 Ark. App. 7, 944 S.W.2d 865 (1997). We will affirm the Board's decision on a question of fact if it is supported by substantial evidence. *Rankin v. Director*, 78 Ark. App. 174, 79 S.W.3d 885 (2002). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Walls v. Director*, 74 Ark. App. 424, 49 S.W.3d 670 (2001). In the case at bar the Board of Review stated:

> The general rule is that a substantial pay reduction gives an employee good cause for quitting. Yet, there is no set percentage or bright-line rule that makes a reduction in pay "substantial." The weight of authority, however, appears to be that a reduction of over twenty percent is so substantial as to compel an employee to quit a job and have good cause to do so, but a reduction of less than twenty percent is not.
>
> . . .
>
> In this case, restoring the claimant's salary to its previous level amounted to a reduction of approximately eleven-percent. The Board finds that this reduction is not substantial and does not constitute good cause for quitting the employment.

■ ■ Although the Board reviewed a number of cases from other jurisdictions, it clearly recognized that there was no "bright-line rule." The Board's decision is therefore consistent with our statement in *Price v. Everett*, 2 Ark. App. 98, 616 S.W.2d 766 (1981), that "there is no talismanic percentage figure that separates a substantial reduction in salary from one that is not." We are unwilling to hold that an eleven-percent reduction in salary, under the facts and circumstances of this case, constitutes good cause for quitting, as a matter of law.

As we discussed in our earlier opinion, there were additional problems between appellant and Mr. Howard relating to the ordering of supplies. On this issue the Board found:

> As to the four examples the claimant offered concerning the Secretary-Treasurer's refusal to pay, the requested repairs were ultimately made and the requested materials were ultimately

purchased. The Secretary-Treasurer's assertion that cash flow problems delayed the payment of the bills was not disputed and is a reasonable explanation concerning the delay.

■ ■ The Board's findings on this issue are supported by substantial evidence and are, therefore, conclusive. *See Terry Dairy Products Co., Inc., v. Cash,* 224 Ark. 576, 275 S.W.2d 12 (1955). For the reasons stated, the decision of the Board of Review is affirmed.

Affirmed.

PITTMAN, ROBBINS, BIRD, NEAL, and VAUGHT, JJ., agree.

HART, GRIFFEN, and ROAF, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. For three reasons, I disagree with the majority's conclusion that substantial evidence supported the Board's finding that appellant was "disqualified for benefits" because he "voluntarily and without good cause connected with the work left his . . . last work." *See* Ark. Code Ann. § 11-10-513(a)(1) (Repl. 2002). Thus, I respectfully dissent.

In an effort to clarify the facts, I note that the president of the company approved a raise for appellant, and he had been receiving the raise for four months before the company treasurer reduced his salary. However, whether appellant gave himself a raise is not the issue in this case.

First, the majority concludes that the Board did not adopt a "bright-line rule" that a reduction of salary of less than twenty percent did not constitute good cause for quitting. I must disagree. The Board cited ten cases that purportedly supported the proposition that "a reduction of over twenty percent is so substantial as to compel an employee to quit a job and have good cause to do so, but a reduction of less than twenty percent is not." Then, without discussing any relevant facts or circumstances, the Board flatly concluded that "the reduction is not substantial and does not constitute good cause for quitting," indicating that the Board adopted a "bright-line rule." The Board erred as a matter of law, as "there is no talismanic percentage figure that separates a sub-

stantial reduction in salary from one that is not," and "[e]ach case must be measured by its own circumstances." *Price v. Everett*, 2 Ark. App. 98, 100, 616 S.W.2d 766, 767 (1981). Because of this error of law and the lack of substantial evidence to otherwise support the Board's denial of benefits on this basis, I would reverse the Board's decision.

Second, in our earlier opinion, we remarked as follows:

> Contrary to the Board's findings, the record plainly exhibits that there were long-held animosities between Howard and appellant, and that appellant had from time to time appealed to the president in order to find resolutions to the various incidents that fed the animosity. For whatever reason and despite the arguable authority to do so, the president did not resolve the matter. Appellant did, on many occasions, appeal his "case" to a higher level of management without obtaining resolution. A stalemate has evolved between two equal owners with equal control. Appellant was in an untenable situation where an appeal for resolution was an exercise in futility. The law does not require an employee to engage in an act of futility as a precursor to obtain employment benefits.

*Magee v. Director*, 75 Ark. App. 115, 123, 55 S.W.3d 321, 326 (2001). On remand, the Board found that there were reasonable explanations for Howard's delay in acting on appellant's requests to Howard that certain repairs and purchases be made. The majority agrees. The Board, however, wholly failed to address the stalemate between the two employers. Appellant was faced with the predicament of serving two equal owners who failed to resolve their underlying problems. The Board's failure to address this underlying fact leads me to conclude that its denial of benefits on this basis was not supported by substantial evidence.

Third, although not discussed by the majority, the Board denied benefits in part based on its observation that the business was experiencing financial problems and that the salary reduction and delay of payments for repairs and materials was done in an effort to stabilize the company's financial condition. Thus, Howard was acting in his capacity as an officer of the company, and therefore, his actions were intended to strengthen the company's finances rather than to single out appellant for mistreatment.

In *Duncan v. Director*, 79 Ark. App. 367, 88 S.W.3d 858 (2002), we recently considered whether substantial evidence supported the Board's decision to deny benefits when the employee left her job as a result of a decrease in her work hours. In reversing the Board's decision, we held that "the general rule is that a substantial reduction in pay, even if attributable to economic conditions beyond the employer's control, will not bar a finding that the reduction constitutes good cause for quitting." *Id.* at 370. As *Duncan* suggests, the focus is on the economic injury to the employee, not the financial conditions of the employer. Consequently, in this case, the company's claim of financial distress should not have been considered by the Board in its analysis.

Thus, I respectfully dissent.

GRIFFEN and ROAF, JJ., join.