200 S.W.3d 928 (2005)
Kirk J. RANKIN, Appellant
v.
DIRECTOR, ARKANSAS EMPLOYMENT SECURITY DEPARTMENT, Appellee.
No. E 03-51.
Court of Appeals of Arkansas, En Banc.
January 12, 2005.
*929 Appellant, pro se.
Phyllis Edwards, for appellee.
PER CURIAM.
This case has been the subject of two previous opinions, Rankin v. Director, 78 Ark.App. 174, 79 S.W.3d 885, reh'g denied, review denied (2002) (Rankin I); and Rankin v. Director, 82 Ark.App. 575, 120 S.W.3d 169 (2003) (Rankin II), in which we held that the appellant, Kirk J. Rankin, was entitled to receive unemployment benefits. Rankin now has filed a petition with this court asking that we direct the Arkansas Employment Security Department (ESD) to pay him those unemployment benefits. Because we lack jurisdiction to consider the petition, we must dismiss it.
In Rankin I, we reversed the Board of Review's denial of Rankin's claim for unemployment benefits, holding that the Board's finding that Rankin had voluntarily left his last work was not supported by substantial evidence. We remanded the case to the Board "for further proceedings consistent with [our] opinion." On remand, the Board, instead of directing the ESD to pay benefits to Rankin, conducted another evidentiary hearing and determined therefrom that Rankin was disqualified for benefits because of misconduct connected with the work.
In Rankin II we again reversed the Board, holding that its decision to deny benefits to Rankin on grounds of misconduct contravened the doctrine of the law of the case. We remanded with instructions to the Board to enter an order requiring the ESD to pay unemployment benefits to Rankin. We also directed the Board to certify the record of its decision to this court. As directed, the Board provided to this court a certified record of its decision, dated July 3, 2003, in which it directed the ESD "to award the claimant unemployment insurance benefits to which he is entitled."
In his present petition, Rankin alleges that he has on numerous occasions *930 requested ESD to pay him the benefits to which he is entitled, but that his requests have been to no avail. ESD has responded to Rankin's petition alleging that, as a result of its payment of benefits to Rankin in connection with a subsequent claim during the same benefit year as his initial claim, Rankin had already been paid the maximum benefits to which he is entitled under Ark.Code Ann. § 11-10-504, and that Rankin is not qualified to receive any additional benefits on account of unemployment during the same benefit year. Neither Rankin's petition nor ESD's response advise this court of the pendency or status of any proceedings before the ESD, the appeal tribunal, or the Board of Review relating to Rankin's efforts to collect the disputed benefits.
The appellate court loses jurisdiction to the trial court once the mandate is issued from the appellate court to the trial court, Barclay v. Farm Credit Servs., 340 Ark. 65, 8 S.W.3d 517 (2000); by analogy, the appellate court loses jurisdiction to the Board once the mandate is issued. This court's jurisdiction of Rankin II, supra, was lost on July 15, 2003, the date upon which our mandate was issued.
In accordance with Ark.Code Ann. § 11-10-529 (Supp.2003), the court of appeals' jurisdiction to review matters pertaining to an award or denial of unemployment benefits is limited to the review of decisions from the Board of Review. The documentation now before this court does not show that Rankin has appealed from the ESD's denial of benefits on account of his having been paid the maximum allowable benefits during a single benefit year. Rather, it appears that Rankin has simply filed his petition with this court, asking us to overturn ESD's decision. Because we lack jurisdiction to review decisions of the ESD, the petition must be dismissed.
Petition dismissed.