CITY OF FAYETTEVILLE *v.* Charles L.
DANIELS, Director of Labor, and Larry PALMER

E 80-204                                    614 S.W. 2d 680

Court of Appeals of Arkansas
Opinion delivered April 29, 1981

*James N. McCord*, City Atty., for appellant.

*Bruce H. Bokony*, for appellees.

TOM GLAZE, Judge. The claimant, Larry Palmer, was employed by the City of Fayetteville as Airport Manager in 1975. His responsibilities included maintenance, public and personnel relations, and accounting for airport parking revenues. The employer charged the claimant with negligence in the maintenance of the airport terminal building and grounds, an inability to maintain working relationships with others, a mismanagement of parking revenues, and repeated unavailability on the job. He was terminated in March, 1980, and filed for unemployment benefits on April 15, 1980.

The Employment Security Agency found that the claimant was discharged for reasons other than misconduct and awarded benefits. The City appealed the Agency determination and the Appeal Tribunal found that the claimant was discharged for misconduct consisting of mismanagement of parking funds and a disregard of the standard of behavior which the employer had a right to expect. The Board of Review reversed the decision of the Appeal Tribunal with a finding that, while certain evidence was in conflict, the preponderating weight of credible evidence

showed that the employer's dissatisfaction with claimant's work performance arose from causes other than misconduct in connection with the work.

We have previously noted our limited scope of appellate review when credibility of witnesses and the weight accorded their testimony are at issue. *Willis Johnson Company* v. *Daniels*, 269 Ark. 795, 601 S.W. 2d 890 (Ark. App. 1980). In line with our holding in *Willis Johnson*, we will not substitute our findings of fact for those of the Board of Review.

The appellant argues that in the instant case, the Appeal Referee, not the Board of Review, had the advantage of being in a position to observe the witnesses and consider their demeanor. The Referee's findings, however, are of no import in our review of this cause. In *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978), our Supreme Court found it appropriate that rules governing judicial review in workers' compensation cases be applied to cases arising under the Employment Security Act. As in workers' compensation, we hold that no weight is to be attached to the findings of the Referee. Our only concern on appeal is whether there is substantial evidence to support the findings of the Board of Review. *Allied Telephone Company* v. *Rhodes*, 248 Ark. 677, 454 S.W. 2d 93 (1970); *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

The evidence in the record before us supports the Board of Review's find that the claimant was discharged for reasons other than misconduct in connection with the work. The employer contended that the claimant was negligent in maintaining the grounds. Claimant, however, was responsible for maintaining over five hundred acres of land, the airport terminal building, other buildings on the grounds and supervising and coordinating construction of the new terminal. He repeatedly informed the City that his staff of three persons was inadequate, and after his termination, the staff was immediately increased.

The record reflects that some friction existed between some other City departments and the claimant's department.

However, the employer failed to show that this friction was due to a conscious or deliberate disregard of the employer by the claimant. A failure by municipal managers to communicate and cooperate is not misconduct unless it is in conscious disregard for the interest of the employer.

The employer charged the claimant with mismanagement of parking revenues. The evidence was undisputed that some of the equipment was antiquated and the claimant on several occasions had requested replacements. The employer neither presented any evidence that the claimant was responsible for nor that he was even aware of a decrease in parking revenues. The City employer offered only the bare assertion that air enplanements increased over a two year period, while revenues decreased. This assertion is clearly insufficient to support the employer's charge that the claimant mismanaged the parking revenues and was guilty of misconduct.

The employer's final basis for discharge was claimant's repeated unavailability. While the testimony was in conflict, there was substantial evidence that the claimant was away from his office most often in connection with his duties as airport manager. In addition, he was on call twenty-four hours a day, seven days a week, and since he was not eligible for overtime pay, claimant sometimes adjusted his working hours to accommodate the situation.

We cannot say, in light of the record before us, that there was no substantial evidence to support the findings of the Board of Review, and we affirm its decision.

Affirmed.