Don E. RUMMEL, et al. *v*. DIRECTOR,
Arkansas Employment Security Department

E 96-4                                      957 S.W.2d 718

Court of Appeals of Arkansas
Division III
Opinion delivered December 17, 1997

*James E. Nickels,* for appellants.

*Allan Pruitt* and *Phyllis Edwards,* for appellee Director.

*Cross, Gunter, Witherspoon, and Galchus, A Professional Limited Liability Company,* by: *Allen C. Dobson,* for appellee Arkansas Power & Light Co.

JOHN E. JENNINGS, Judge. Don E. Rummel and seven others were employed by Arkansas Power and Light Company (AP&L) at its White Bluff facility. The employment of all eight workers was terminated by AP&L as part of a general reduction in its work force. Their last day to work was December 6, 1994.

Each employee received a severance package under an agreement negotiated between their union, the International Brotherhood of Electrical Workers, and AP&L. The agreement provided that each would receive "administrative leave pay," "separation pay," and "vacation pay."

Each of the employees filed a claim for unemployment benefits. The Agency initially denied the claims, but this decision was subsequently modified by the Appeal Tribunal. Finally, after an appeal to the Board of Review, the claims were once again denied.

On appeal to this court the claimants contend that the Board erred in concluding that they were not unemployed during the eight-week period in which they received administrative leave pay. In a second argument, which affects Mr. Rummel only, he contends that the Board improperly concluded that his receipt of vacation pay was disqualifying. We find no reversible error in the Board's determination and therefore affirm.

The negotiated agreement provided that each employee would receive "two months administrative leave with full base pay. Administrative leave begins as determined by the company. At the end of the two-months administrative leave, employment will be terminated. . . ." From the date he last reported to work in early December 1994, each claimant received his normal weekly wage based on a forty-hour work week, payable bi-weekly, as in the past. The claimants' insurance benefits and credit union benefits continued during the "administrative leave."

■ ■ The parties agree that the primary issue on appeal is whether the claimant-appellants were unemployed during the two-month period designated as administrative leave. Arkansas Code Annotated section 11-10-214(a) (Repl. 1996) provides that an individual shall be deemed "unemployed" with respect to any week during which he performs no services and no wages are payable to him with respect to that week. The Board held that the administrative leave payments were wages. On the facts of this case we cannot say that the Board's conclusion is not supported by substantial evidence. While we agree with the appellants that *McVey v. Daniels*, 270 Ark. 409, 605 S.W.2d 483 (Ark. App. 1980), cited by the Board, is not directly on point, it is also of no help to the appellants. In *McVey*, we merely recognized that the statutory definition of unemployment contained two parts: that the employee performed no services, *and* that no wages were payable to him with respect to the week in question.

■ Appellants also contend that the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C.S. §§ 2101-09 (1990), requires the Board to reach a different conclusion. We disagree. The WARN Act requires that an employer provide a sixty-day written notice to employees before a plant

closing or mass layoff. Failure to provide such notice gives rise to employer liability for "back pay" up to a maximum of sixty days, reduced by "any voluntary and unconditional payment by the employer to the employee that is not required by any legal obligation." 29 U.S.C.S. § 2104(a)(2)(B). Employees may enforce such liability by suing in Federal District Court.

■ In the case at bar it is not at all clear that the administrative leave payments were "WARN Act payments." Appellants rely on *Capital Castings, Inc. v. Arizona Dep't of Economic Security*, 828 P.2d 781 (Ariz. Ct. App. 1992); *Georgia-Pacific Corp. v. Unemployment Compensation Bd. of Review*, 630 A.2d 948 (Pa. Commw. Ct. 1993); and *Westinghouse Electric Corp. v. Callahan*, 658 A.2d 1112 (Md. Ct. Spec. App. 1995). These cases do tend to support appellants' position. *Labor & Indus. Relations Comm'n v. Division of Employment Sec.*, 856 S.W.2d 376 (Mo. Ct. App. E.D. 1993), and *Division of Employment Sec. v. Labor and Indus. Relations Comm'n*, 884 S.W.2d 399 (Mo. Ct. App. W.D. 1994), however, tend to support the Board's view in the case at bar. In any event it is clear that each of the cases involving the application of the WARN Act in the state unemployment benefits context was determined under the particular unemployment compensation law of the state where the decision was rendered. We agree with the conclusion of the court in *Capital Castings, supra*, that the federal description of payments for purposes of WARN does not control classification of the payments for the purposes of unemployment compensation eligibility. The Arizona Court of Appeals noted that neither in WARN itself nor in its legislative history did Congress express an intent to control eligibility for state unemployment compensation. *Capital Castings*, 828 P.2d at 785.

■ Appellants also argue that the Board did not follow the precedent established in an earlier ESD case, but we know of no authority for the proposition that the Board's earlier decisions constitute binding precedent upon itself. Although it hears appeals, the Board's position in these cases is analogous to that of a trial court in the sense that it functions as the trier of fact. *See Edwards v. Stiles*, 23 Ark. App. 96, 743 S.W.2d 12 (1988); *City of Fayetteville v. Daniels*, 1 Ark. App. 258, 614 S.W.2d 680 (1981).

■ Mr. Rummel alone contends that the Board erred in finding his receipt of certain vacation pay disqualified him from receiving unemployment benefits. Mr. Rummel received payment for unused 1994 vacation and pay for the vacation that he would have received in 1995 had his employment not been terminated. The applicable statute, Ark. Code Ann. § 11-10-517(5)(Repl. 1996), provides that a claimant shall be disqualified for benefits for any week with respect to which the claimant receives or has received remuneration in the form of vacation payments. The statute also provides:

> However, [the claimant] shall be paid, with respect to the week in which the vacation period occurred, an amount equal to the weekly benefit amount less that part of the vacation pay, if any, payable to him, or in which he has been paid or will be paid at a later date with respect to such week, which is in excess of forty percent (40%) of [the claimant's] weekly benefit amount, rounded to the nearest lower full dollar amount. For the purpose of this subdivision, the employer shall promptly report the week or weeks involved in the vacation period as well as the corresponding amount of vacation pay with respect to such week or weeks[.]

On this issue the Board held:

> With regard to the vacation pay issue, there was no dispute concerning the amount of vacation pay which the Department found the claimant to have received. Further, the Board of Review interprets § 11-10-517(5) to require that accrued vacation pay, paid at separation from employment, be allocated, until exhaustion, to the weeks immediately following the separation. Also, there was no dispute with regard to the Department's calculations which resulted in allocation of the claimant's vacation pay to four benefit weeks, and the Board finds those calculations to be accurate. As a result, the Board finds the Department's allocation of the vacation pay to the weeks ending February 11 through 25 and March 4, 1995, to be appropriate.

In support of his argument, appellant Rummel relies on several cases which were decided under prior law. Arkansas Code Annotated section 11-10-517 deals with the receipt of certain remunerations by a claimant and their disqualifying effect. Remu-

nerations in the form of separation payments, bonus payments, and vacation payments are included as disqualifying under the statute. Ark. Code Ann. § 11-10-517(1), (5), (6). In the instances where separation payments or bonus payments are made in one lump sum, the statute specifically provides that the payment will only be disqualifying for the week it is received. No such provision is found under vacation payment.

■ Thus, the Board of Review interpreted the statute to require that vacation pay, paid at separation from employment, be allocated, until exhaustion, to the weeks immediately following the separation. We agree with appellee, the Arkansas Employment Security Department, that this is consistent with the intent of the legislature. Because the legislature chose to specifically address the issue of lump-sum payments with regard to separation and bonus payments, and did not do so with vacation payments, it seems apparent that they contemplated vacation pay to be allocated to specific weeks until exhaustion. AP&L notified appellant Rummel that he would receive payment for his accrued vacation time for 1994 and 1995. Rummel also testified that he received this vacation pay as part of the severance agreement. Therefore, we cannot say that the Board of Review erred in finding that the vacation pay disqualified Rummel from receiving benefits pursuant to section 11-10-517(5).

Affirmed.

MEADS and ROAF, JJ., agree.